In the Matter of WILLIAM P. O'BRIEN, as a Stockholder of American Locomotive Company, Petitioner. AMERICAN LOCOMOTIVE COMPANY, Respondent.

Supreme Court, Special Term, New York County, November 4, 1943.

*Goldman & Frier* for petitioner.

*Noah A. Stancliffe* and *Tyler M. Bartow* for respondent.

PECORA, J. This is an application for the appointment of appraisers to value certain shares of preferred stock pursuant to section 21 of the Stock Corporation Law. The corporation opposes the application upon the ground that petitioner has

not complied with certain conditions provided for in sections 21 and 91 of the Stock Corporation Law. Subdivision 7 of section 91 provides that a stockholder of a domestic corporation included in a consolidation, not voting in favor thereof, may object to the consolidation and demand payment for his stock at any time prior to the vote. It is provided that " The objection and demand must be in writing and filed with the corporation to be consolidated or with the consolidated corporation." The objecting stockholder then is given the right to have his stock appraised and paid for as provided in section 21 of the Stock Corporation Law. The latter section makes provision for the proceeding to appraise. Its application is limited to a stockholder who " has objected to such action and demanded payment for his stock as provided in * * * section ninety-one ".

In *Matter of Bickerton* (*New York Theatre Co.*) (232 N. Y. 1) the court said: " Again, a stockholder only under certain conditions is permitted to apply to the court in proceedings to compel the purchase of his stock. If those conditions do not exist he is not entitled to relief. There can be no doubt that on the return of his petition the corporation would be entitled to disprove, if it could, the existence of the necessary requirements for relief * * *."

The foregoing sections of the Stock Corporation Law make it clear that a dissenting stockholder demanding an appraisal may do so only if before the meeting at which the consolidation is to be considered he files a written objection and a written demand for the payment of his stock. The petition herein avers in paragraph 5 that on August 10, 1943, petitioner gave notice to the corporation of his objection to the consolidation and demanded payment for his stock by a letter, a copy of which is annexed to the petition as an exhibit. Giving that letter its most liberal construction, it might be said that it spells out an objection, but by no possible interpretation can it be construed as a demand for payment. Petitioner has, therefore, failed to comply with the provisions of subdivision 7 of section 91 and section 21 of the Stock Corporation Law. For that reason, the motion must be denied, and the petition dismissed. Settle order.