In the Matter of IRVING H. ISAAC et al., Petitioners. BOHACK REALTY CORPORATION, Respondent.

Supreme Court, Special Term, Queens County, April 24, 1950.

*Henry W. Pollock* and *Isaac M. Levinson* for petitioners.

*Theodore E. Larson* for respondent.

HALLINAN, J. This is a proceeding by minority stockholders of Bohack Realty Corporation for the appointment of apprais-

ers to appraise the value of fifty-five shares of 7% cumulative preferred stock, $100 par value, of said corporation, out of 5,999 shares outstanding, under sections 20 and 21 of the Stock Corporation Law.

Petitioners claim that their preferential rights have been altered by a plan of recapitalization of the corporation, dated November 1, 1949, which was voted upon at a special meeting of stockholders held on January 4, 1950. Concededly, petitioners gave notice on January 3, 1950 — prior to such stockholders' meeting — that they objected to the proposed action and demanded payment for their stock. It is also conceded that at such meeting a resolution approving the plan of recapitalization was duly adopted by the affirmative vote of the holders of more than two thirds of the preferred stock and by the holders of all of the common stock of the company, issued and outstanding, and that this proceeding for the appointment of appraisers was commenced on April 4, 1950, by the service of the petition and notice of application thereto annexed.

The respondent has asserted as a defense that this proceeding was not commenced within the time limited by section 21 of the Stock Corporation Law, which, so far as pertinent here, reads as follows: " In the event that the *stockholders* of a corporation *have taken action* * * * and if any stockholder has objected to such action and demanded payment for his stock * * * either such stockholder or the corporation may apply upon eight days' notice to the other, within *sixty days after such demand,* to the supreme court * * * for the appointment of three persons to appraise the value of such stock * * *." (Emphasis supplied.)

The petitioners take the position that the action contemplated by section 21 of the Stock Corporation Law as beginning the aforesaid sixty-day period of limitation was not the action taken by the stockholders on January 4, 1950, inasmuch as the plan of recapitalization required the affirmative vote of a majority of the entire board of directors of the company to consummate the plan after it had been approved by at least two thirds of each class of stock outstanding, voting separately as classes at the special stockholders' meeting; it was also provided that if the plan be approved by the stockholders as aforesaid " but shall not be declared effective by the Board of Directors within 71 days after such approval by the stockholders, the Plan shall be deemed abandoned. The Board of Directors may also, at any time prior thereto, declare the Plan abandoned."

It is thus urged that the effective vote was that of the board of directors rather than that of the stockholders, and that until the approval of the directors was procured, to wit on March 13, 1950, petitioners had no right to an appraisal. Therefore, the commencement of their proceeding on April 4, 1950, was timely. I am unable to concur in this view.

Section 21 of the Stock Corporation Law expressly constitutes the action taken by the *stockholders* of a corporation as the determinative event which gives rise to the right of a stockholder, who has previously objected and demanded payment for stock, to make an application of this character within sixty days after such objection and demand. That this is so is further emphasized by the language of clause (2) of paragraph (c) of subdivision 1 of section 37 of the Stock Corporation Law which specifies the requirements as to stockholders' action necessary to effectuate an amendment such as was contemplated by the plan of recapitalization herein involved. Certain officers of the corporation are required to execute a certificate of amendment and an affidavit stating " That they have been *authorized* to execute and file such certificate by the *votes* * * * of the holders of record of two-thirds of the outstanding shares entitled to vote *at the stockholders' meeting* at which such votes were cast, with relation to the proceedings provided for in the certificate, * * *." (Emphasis supplied.)

There can be no question, therefore, that it is the action by the stockholders which marks the commencement of the sixty-day period and not of any other body. To adopt the contentions of the petitioners would, in effect, enlarge or alter the procedure which the Legislature has by precise language prescribed in section 21. This is beyond the power of the courts (*Matter of Marcus [Macy & Co.]*, 297 N. Y. 38, 45).

The petition is accordingly dismissed. Submit order.