Samuel H. Hofstadter, J.
Under date of March 15, 1956, North Star1 Eeinsnrance Corporation sent to its stockholders notice of the annual meeting to be held April 20, 1956, for' the purpose, among others, of considering and voting upon a proposal to merge the' corporation into General Reinsurance Corporation upon the terms contained in the merger agreement transmitted with the notice. The agreement so transmitted provided that the merger ‘ ‘ shall become effective when it shall have been approved by the Superintendent of Insurance * * * and a duplicate or certified copy of the Agreement of Merger with the approval of the Superintendent of Insurance endorsed thereon shall have been filed in the office of the clerk of New York County.” As between the parties and for all purposes of corporate accounting, however, the effective date of the merger was to be 12 o’clock midnight on June 30, 1956. At the meeting 199,474 shares of North Star voted in favor of and 17 shares in opposition to the proposed merger. The Superintendent of Insurance approved the merger, though the date of his approval does not appear. In any event, the merger *275 agreement was filed in the office of the County Clerk on June 29, 1956 and the merger became effective at midnight on June 30, 1956. On July 2, 1956, General Eeinsurance Corporation sent to all holders of common stock of North Star who had not asked for an appraisal of their stock notice of the consummation of the merger and a request that they transmit their stock certificates for payment of the cash due thereon in accordance with the merger agreement. The agreement provided that the outstanding common shares of North Star were to be extinguished and cancelled when the merger became effective and that the holders thereof, other than General Eeinsurance, were to be entitled to a payment of $65.16 for each share.
The petitioner, the holder for more than 20 years of 11 full shares and a fractional share of North Star stock, did not attend the stockholders’ meeting of April 20, 1956, but on May 1, 1956, served on North Star a notice by which he objected to the merger, demanded payment for his stock pursuant to section 503 of the Insurance Law and stated that he intended to apply for appraisal of his stock as therein provided. On May 21, 1956, the petitioner’s attorney called North Star’s secretary on the telephone and was told by the latter that the stockholders had approved the merger but that it still required the approval of the State Insurance Department and would not be effective until this approval was granted, and that when it became effective all stockholders would be notified. There is no denial of the foregoing conversation; nor is it claimed that any notice that the merger had become effective was ever given to the petitioner. On October 8, 1956, the petitioner’s attorney again called North Star, when he was told that the merger had become effective on June 30, 1956. Correspondence followed, without result, and on January 17, 1957, the petitioner instituted this proceeding in which he seeks an order for the appraisal of his common stock pursuant to the Insurance Law.
The petitioner is met with the defense that his proceeding is not timely brought. Section 503 provides: “ If any stockholder of a stock company does not vote in favor of a proposed agreement of merger or consolidation and shall, at such meeting of the stockholders at which the agreement is voted upon or within twenty days thereafter, object to such merger and demand payment for his stock, he may, at any time, within sixty days after such merger or consolidation becomes effective, apply to the supreme court * * * upon at least eight days’notice to said company, for the appointment of three persons to appraise the value of his stock, and the court shall appoint such appraisers and designate the time and place of their first *276 meeting, with such directions in regard to their proceedings as shall be deemed proper. ’ ’
The right of appraisal derives its being from the statute and may be exercised only within the time and subject to the conditions prescribed in the statute. The courts have uniformly declared this to be the rule applicable to proceedings brought to enforce a right of appraisal given by statute (Matter of Marcus [Macy & Co.], 297 N. Y. 38, 45; Matter of McKinney [Bush Term. Bldgs. Co.], 306 N. Y. 207, 211; Matter of Gerstle-Rhein S. A. [Merry Hull, Inc.], 194 Misc. 795, 798-799; Matter of Isaac [Bohack Realty Cory.], 198 Misc. 85, 87). Since the merger of North Star into General took effect on June 30, 1956, it is self-evident that when the petitioner instituted this proceeding on January 17, 1957, he did not apply to the court ‘ ‘ within sixty days after such merger or consolidation becomes effective ”.
Whatever may be said in favor of requiring notice to stockholders, including nonassenting stockholders, of the effective date of a merger, the short answer here is that section 503 of the Insurance Law has no such requirement. Perhaps fairness dictates the desirability of imposing the requirement, especially in view of the need to obtain the approval of the Superintendent of Insurance before the merger can take effect. Since the date of approval cannot be foretold and approval may conceivably even be withheld, there is an element of fluidity and uncertainty which can be guarded against only by the exercise of a high degree of vigilance. If, however, this situation demands correction, relief can come only from the Legislature. The court must take and enforce the statute in its present form. It is powerless to engraft upon it an extension of the prescribed 60-day period when notice of the effective date of the merger has not been given to the dissenting stockholder. Nor is authority cited in support of the court’s power to extend the fixed statutory period on the equitable grounds invoked by the petitioner.
The ruling that the court is without power to relieve the petitioner of his failure to commence this proceeding within 60 days after the merger became effective renders unnecessary consideration of the respondent’s further contention that the petitioner is in no case entitled to an appraisal because he did not begin the proceeding within 60 days after he had notice.
It follows that the petition must be denied and the proceeding is dismissed.