(No. 21380.—
R. O. AHLENIUS, Defendant in Error, *vs.* BUNN & HUMPHREYS, Inc., Plaintiff in Error.

*Opinion filed October 22, 1932.*

STONE & TAYLOR, and B. L. CATRON, for plaintiff in error.

W. K. BRACKEN, and BRACKEN, LIVINGSTON & MURPHY, for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

In 1928 J. F. Humphreys & Co., a corporation, with its principal office at Bloomington, Illinois, and John W. Bunn & Co., a corporation, with its principal office at Springfield, Illinois, each organized under the laws of this State and each engaged in the wholesale grocery business, merged and consolidated into one corporation known as Bunn & Humphreys, Inc., plaintiff in error. On May 16, 1929, R. O. Ah'lenius, defendant in error, who was a stockholder of J. F. Humphreys & Co., filed his petition in the circuit

court of McLean county asserting therein that as a stockholder of the corporation he objected to the consolidation and requested that the value of his stock should be determined and the same paid to him by the acquiring company. The cause was submitted to the court for trial, and the court found the value of the stock to have been $12,842.72 and entered judgment against Bunn & Humphreys for that amount. On appeal from this judgment by Bunn & Humphreys to the Appellate Court for the Third District the judgment of the circuit court was reversed and judgment was entered in the Appellate Court in favor of Ahlenius against Bunn & Humphreys for $20,144 and costs. The cause is here on *certiorari.*

The final determination of the case by the Appellate Court was arrived at, in part, on findings of facts concerning the matter in controversy different from the findings of the trial court, but there is no recital of the facts contained in the final order or judgment of the court, as required by section 120 of the Practice act. The Appellate Court not having made such findings, its judgment is reversed and the cause remanded to that court, with directions either to affirm the judgment, or, if there was error in matter of law requiring a reversal and which error can be corrected on another trial, to remand the cause and order that the error be corrected, or if a final judgment is entered finding the facts different from the trial court, the ultimate facts found differently from the facts as found by the circuit court shall be incorporated in the judgment. *Brelie* v. *Klafter,* 336 Ill. 175; *Bolle* v. *Chicago and Northwestern Railway Co.* 324 id. 479; *Frank* v. *Hoskins Co.* 323 id. 46; *Chicago Title and Trust Co.* v. *Ward,* 319 id. 201.

*Reversed and remanded, with directions.*