Mitchell D. Schweitzer, J.
The petitioners are dissenting stockholders and seek relief under sections 91 and 21 of the Stock Corporation Law (now Business Corporation Law, §§ 623, 910, eff. Sept. 1,1963, the pertinent parts of which have retained the substance of their predecessor sections) to have their stock appraised.
A reading of the Stock Corporation Law and of the papers submitted herein reveals that the dissenting stockholders should have complied with the following three requirements of the Stock Corporation Law to warrant appraisal and payment by the corporation for their stock:
1. Pursuant to subdivision 7 of section 91, the dissenting stockholder must filie his written objection to the proposed consolidation and demand for payment for his stock “ at any time prior to the vote on such consolidation — or if notice of the meeting to vote on such consolidation was not mailed to him at least twenty days prior to the taking of such vote, then within twenty days after the mailing of such notice” (see Business Corporation Law, §§ 910, 623).
2. ‘1 Within twenty days after the last day on which a demand for payment might have been made, each stockholder demanding payment * * # shall submit his stock certificate or certificates to the corporation for notation thereon of the fact of such demand; and any stockholder who shall fail so to do shall not be entitled to the relief by this section provided unless a court of competent jurisdiction, for good and sufficient cause shown, shall otherwise direct.” (Stock Corporation Law, § 21, subd. 8; see Business Corporation Law, § 623, subd. [f].)
3. If the corporation fails to make an offer of payment or if the stockholder fails to accept an offer from the corporation “ either such stockholder or the corporation may petition the *938 supreme court, at any special term thereof held in the judicial district in which the principal office of the corporation is situated, to determine the value of such stock. Such petition shall be made on five days’ notice and shall be made returnable in such court on the fifteenth day after the last day on which the demand of the objecting stockholder for payment might have been made”. (Emphasis supplied; Stock Corporation Law, § 21, subd. 3; see Business Corporation Law, § 623, subd. [h].)
The facts in the present matter are not contested. On February 26, 1963, Transvision caused a notice of a special meeting to be held on March 11, 1963, for the purpose of acting upon a proposed consolidation to be mailed to its stockholders, including the petitioners herein. Since the notice was not mailed at least 20 days prior to the taking of such vote, the last day on which a demand for payment might have been made was March 18, 1963. Within the permissible period, petitioners, pursuant to subdivision 7 of section 91 duly notified the corporation of their objection to the proposed consolidation and of their demand for payment for their stock. On October 23, 1963, 6 months and 16 days beyond the date prescribed by the statutory timetable, the petitioners submitted their stock certificates to Transvision for notation thereon of the fact of such demand. Transvision refused to comply with such request, as untimely made. Subsequent thereto, on or about October 31, 1963, by notice of petition returnable on November 26, 1963, petitioners sought to intervene in a proceeding now pending in this court. Such instant application by petitioners has been submitted 6 months and 19 days after the date mandated by subdivision 3 of section 21 of the Stock Corporation Law.
Manifestly, there has not been even token compliance with the requisites of section 21 of the Stock Corporation Law. Petitioners concede this and offer no excuse therefor but, rather, predicate their present application upon the contention that a stockholder’s substantive right to an appraisal and payment for his stock emanates from subdivision 7 of section 91 and vests upon notification to the corporation pursuant to this section. The provisions of section 21, petitioners further argue, are merely the procedural mechanics by which one enforces his already vested right to payment.
The fallacy of petitioners’ position lies in the cavalier relegation of the standards prescribed in section 21 to the status of a meaningless formality. Indeed, it is the precise timetable delineated in section 21 which fulfills the legislative intent to “protect dissenting stockholders” (Anderson v. International Mins. & Chem. Corp., 295 N. Y. 343, 349) and transforms the *939 abstract right granted in section 91 into a pragmatic reality. Section 21 embodies the very essence of the right; for it alone provides for payment, both timely and insured, by the authority of the courts and for certainty of the obligation of the corporation to make payment. Accordingly, section 91 expressly conditions the right to payment upon adherence to the requirements of section 21 (see Matter of Marcus [Macy & Co.], 297 N. Y. 38; Matter of McKinney [Bush Term. Bldgs. Co.], 306 N. Y. 207).
Although the courts have excused, under certain circumstances, minor departures from the literal requisites of section 21 (Matter of Kunin [Title Guar. & Trust Co.], 306 N. Y. 967; Matter of McKay v. Teleprompter Corp., 17 A D 2d 299), to grant such relief to the present petitioners would so drastically tilt the sensitive equilibrium of interests created by section 21 of the Stock Corporation Law as to constitute complete rejection of the unequivocal legislative mandate.
Accordingly, the relief requested in the present petition must be denied.