■ In the Matter of ROBERT B. SASSEEN et al., Appellants, v. DANCO INDUSTRIES, INC., Respondent.— In a proceeding by minority stockholders of the respondent corporation, who have objected to the sale of its principal assets, for a determination of the value of their shares of stock and for a judgment in accordance with such value, pursuant to statute (Stock Corporation Law, § 21), petitioners appeal from an order of the Supreme Court, Kings County, dated May 7, 1963, which dismissed their petition. Order reversed on the law and the facts, with $10 costs and disbursements; and proceeding remitted to the Special Term for the making of an appropriate order which shall be consistent with the views herein expressed, and for further proceedings not inconsistent herewith. Findings of fact inconsistent with this decision are reversed, and new findings are made as indicated herein. It is undisputed that petitioners made their objection to the sale and their demand for payment of the value of their shares of stock, as required by section 20 of the Stock Corporation Law. They therefore were entitled to have their shares appraised and paid for in the manner provided in section 21 of that statute, were it not for the fact that they failed to make timely submission of their stock certificates to the corporation for notation thereon of the fact that they had made such demand, as required by subdivision 8 of section 21. In our opinion, upon the basis of the undisputed facts in this record, good and sufficient cause has been shown to warrant relieving petitioners from the consequences of their omission. Communications passed between representatives of petitioners and the corporation concerning payment from the time that the sale was approved at a stockholders' meeting, on January 30, 1963, until the commencement of this proceeding on March 21, 1963. The last day for compliance with the requirement for the submission of the certificates was February 25, 1963. Throughout this interval of time the corporation had no reason to believe that petitioners would relinquish their right to appraisal and to demand payment. Denial of relief to petitioners would result in substantial prejudice to them. They would be deprived of

their right to payment and would be relegated to their status as minority stockholders. It is undisputed that respondent is a close corporation and there is no market in its shares. On the other hand, the corporation has not been prejudiced whatsoever. The order to be made by Special Term upon remission should contain a provision conditioning the relief being granted to petitioners on their submission, within five days after service upon them of a copy of such order, of their stock certificates to the corporation for notation thereon of the fact of their demand (cf. *Matter of Kunin* [*Title Guar. & Trust Co.*], 281 App. Div. 635, affd. 306 N. Y. 967, mot. for rearg. den. 307 N. Y. 686; *Matter of Wood*, 103 N. Y. S. 2d 110; *Matter of McKay* v. *Teleprompter Corp.*, 17 A D 2d 299). Beldock, P J., Christ, Brennan, Hill and Rabin, JJ., concur.