John R. Tenney, J.
Petitioner seeks an order pursuant to section 623 of the Business Corporation Law to determine the fair value of her stock in Adirondack Industries, Inc. by the court or by an appointed appraiser. Bespondent opposes the petition as being untimely brought. (CPLR 404, subd. [a].)
*1099 On September 7, 1968, petitioner, the record owner of 1,000 shares of stock of Adirondack Industries, Inc., received notice of a proposed merger with Rowan Industries, Inc. On September 13 petitioner filed a written objection to the merger. The meeting was held on September 16 and on September 25 petitioner was advised that the merger had been authorized. On October 1, petitioner elected to dissent to the merger and demanded payment for her stock. On October 22, she received an offer to purchase, but the offer was not “ accompanied by a balance sheet of the corporation whose shares the dissenting shareholder holds as of the latest available date ”. (Business Corporation Law, § 623 subd. [g].) On October 22 she forwarded her stock to petitioner’s transfer agent, and the next day asked that the company send her the required financial information. It was never forwarded.
The offer was made in good faith and was treated as such by the petitioner. The fact that it was not complete did not invalidate it to the extent that the stockholder would be required to proceed under subdivision (h) of section 623 of the Business Corporation Law. The petitioner treated the action as a valid offer, forwarded her stock as required (Business Corporation Law, § 623, subd. [f]), and waited for a response to her request for the missing financial information. The corporation could have started a proceeding itself which it elected not to do. In the meantime, the stockholder did not have sufficient information before her in order to make a decision on the offer. This in itself would seem to be proper grounds for the court to grant an extension of time under section 623 (subd. [h], par. [2]) of the Business Corporation Law. Incidentally, the discretion given to the court in extending this time period is not present in former section 21 of the Stock Corporation Law.
The process of appraisal “ was designed to meet two evils which arose because of limitations upon the powers of the majority shareholders to bind the minority to a course of action beyond the powers of the majority, which might well be greatly to the advantage of those engaged in a corporate enterprise.” (Anderson v. International Mins. & Chem. Corp., 295 N. Y. 343, 349.) Continuing in that decision the court cited Matter of Timmis (200 N. Y. 177, 181) regarding the two evils (1) the injustice to the bulk of the stockholders in limiting their ability to sell all or part of their business, and (2) the injustice to the minority stockholders in requiring them to go along with the majority and accept a change in the business. The legislation was intended to correct the inherent defects in the corporation *1100 law to enable the majority to sell and guarantee the rights of the minority to fair and just compensation.
Some decisions have implied that there should be strict adherence to the time requirements. (Matter of McKinney [Bush Term. Bldg. Co.], 306 N. Y. 207; Matter of Wiedersum v. Transvision Electronics, 41 Misc 2d 936; Matter of Getz, 5 Misc 2d 274.) In examining the facts, it is apparent that either the time period was grossly excessive or there was a total disregard for the statutory requirements. In Matter of Wiedersum, (supra, p. 939) the court stated the rule: “ Although the courts have excused, under certain circumstances, minority dissenters from the literal requisites of section 21 (Matter of Kunin [Title Guar. & Trust Co.], 306 N. Y. 967; Matter of McKay v. Teleprompter Corp., 17 A D 2d 299), to grant such relief to the present petitioners would so drastically tilt the equilibrium of interests created by section 21 of the Stock Corporation Law as to constitute complete rejection of the unequivocal legislative mandate, ’ ’
The Legislature intended that the court have some discretion in view of the language of section 623 (subd. [h], par. [2]) of the Business Corporation Law: “If such proceeding is not instituted within such thirty day period, all dissenter’s rights shall be lost unless the supreme court, for good cause shown, shall otherwise direct.”
In upholding the stockholder’s petition, there would be no drastic effect on the equilibrium of interests created by section 623 of the Business Corporation Law (formerly Stock Corporation Law, § 21). There is no indication that the corporation will be prejudiced in any way by the delay of 25 days in serving the petition. The corporation had no reason to believe that the petitioner intended to withdraw her demand for payment. On the other hand, if the petition were to be dismissed, it would result in substantial prejudice to the stockholder, and she would be deprived of her right to payment. (Matter of Sasseen v. Danco Ind., 20 A D 2d 657.) There are also other circumstances which persuade a .finding that there is sufficient cause to extend the time in this case. The petitioner resides out of the State, her attorney was ill for a week during the time period, and there is evidence that negotiations continued throughout the period.
The motion to dismiss the petition is denied. Under the circumstances presented, an appraiser should be appointed to determine the fair and reasonable value of petitioner’s stock. Unless the parties agree upon an appraiser within ten days of the date of this decision, the court will appoint one.