■ In the Matter of ANN DAVIS, Respondent, v. ADIRONDACK INDUSTRIES, INC., et al., Appellants.— Order unanimously affirmed, with costs. Memorandum: In affirming Special Term's denial of appellants' motion to dismiss respondent's petition on the ground of untimeliness (CPLR 404, subd. [a]), we are not unmindful that a procedure to enforce a shareholder's right to receive payment for her shares (Business Corporation Law, § 623) is conditioned upon the shareholder's adherence to the time requirements of the statute (*Matter of McKinney* [*Bush Term. Bldgs. Co.*], 306 N. Y. 207; *Matter of Marcus* [*Macy & Co.*], 297 N. Y. 38, 44). The Legislature, nevertheless, recognized that equity requires that the court have some discretion to waive absolute compliance where special circumstances justify such determination. Section 623 (subd. [h], par. [2]) of the Business Corporation Law provides that " If such proceeding is not instituted within such thirty day period, all dissenter's rights shall be lost unless the supreme court, *for good cause shown shall otherwise direct* " (Emphasis supplied.) Special Term properly found good and sufficient cause in the circumstances in the instant case to excuse the 25 days' delay. This is particularly true because of the absence of prejudice to appellant corporations and the

substantial prejudice to respondent stockholder if the petition was dismissed (*Matter of Sasseen* v. *Danco Inds.*, 20 A D 2d 657). (Appeal from order of Oneida Special Term denying motion to dismiss petition.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Gabrielli, JJ. [59 Misc 2d.1098.]