**Alvin T. SCHNEYER, Plaintiff,**

v.

**SHENANDOAH OIL CORPORATION, Defendant.**

Court of Chancery of Delaware, New Castle.

March 5, 1974.

Steven D. Goldberg, Theisen, Lank & Mulford, Wilmington, Morton A. Faller, Newrath, Snyder & Meyer, P. C., Washington, ́D. C., for plaintiff.

Steven J. Rothschild, Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

QUILLEN, Chancellor:

This case concerns a petition for appraisal rights asserted pursuant to 8 Del.C., § 262. Plaintiff is Alvin T. Schneyer (Schneyer), the record owner of 377 shares of common stock in Del Mar Petroleum, Inc., a Delaware corporation.[1] The defendant is Shenandoah Oil Corporation (Shenandoah), a Texas corporation, and it is the surviving corporation of a merger between Shenandoah and Del Mar. This is the decision of the Court on defendant's motion to dismiss the complaint, this motion being based on plaintiff's noncompliance with the time limits prescribed by the statute.

The facts are not disputed. On May 1, 1973, the Board of Directors of both Del Mar and Shenandoah entered into an Agreement of Merger and Plan of Reorganization. On May 8 a copy of this Agreement together with notice of a special meeting to be held on May 30 was sent to the shareholders. By his letter of May 19, the plaintiff formally objected to the proposed merger. The special meeting was held as scheduled, and the proposed merger was approved.

By letter mailed on June 13, the plaintiff was advised that the merger had be-

---

1. The complaint alleges at one point that Schneyer is owner of 377 shares, and at another that he owns 375 shares. This incon- sistency, however, has no effect on the outcome of the present decision.

come effective as of May 31. Plaintiff then on June 16 made a timely demand upon Shenandoah for the redemption of his Del Mar shares upon the payment of $35 per share. This demand was refused, and a counter offer of $7 per share was made. Since the parties were unable to reach an agreement on the value of the shares, the present suit was filed on December 5, 1973.[2]

■ The time period during which an objecting shareholder must perfect his rights after the merger begins to run from the required statutory notice of the merger given such a shareholder. Within ten days after the effective date of the merger the resulting, or surviving corporation is directed to notify each objecting shareholder in writing. In the present case, the ten day period expired June 10, 1973, but notice to Schneyer, who is the only objecting shareholder, was not sent until June 13. Within twenty days of the date of the mailing of notice, the objecting shareholder must make a written demand of payment for his shares. This twenty day period expired on July 3. Within thirty days after the expiration of that period the corporation is directed to pay the objecting shareholder, if value can be agreed upon. This thirty day period expired on August 2. Section 262(c) directs that if the corporation and the objecting shareholder cannot agree on value, the shareholder "may, by petition filed in the Court of Chancery within four months after the expiration of the period of 30 days, demand a determination of the value of the stock of all such shareholders by an appraiser to be appointed by the Court." This four month period expired on December 2, 1973. Since December 2 was a Sunday, the statutory period for filing a petition did not toll until the following day, December 3, 1973. Court of Chancery Rule 6(a), Del.C.Ann. As stated earlier, the present petition was not filed until after this date.

In attempting to avoid the statute, plaintiff initially argues that because defendant has not been prejudiced by the slight delay in filing this petition, the statutory period may be waived.

■ The plaintiff's reliance on Application of Davis v. Adirondack Ind., Inc., 59 Misc.2d 1098, 301 N.Y.S.2d 340 (Sup. Ct.1969), aff'd, 33 A.D.2d 1100, 308 N.Y.S. 2d 107 (App.Div.1970) is misplaced. In *Davis* the Court waived the statutory filing deadline because it was given the discretion to do so by statute. Being so empowered, the Court chose to extend the filing period where there was no showing of prejudice to the corporation. Our appraisal statute confers no such power on this Court. Compare 8 Del.C., § 262 with N.Y.Bus Corp.Law, § 623(h)(2) (McKinney's Consol.Laws, c. 4, 1963). For this reason I believe that it is neither the policy of this State nor the intention of our legislature to extend the filing date merely because there is no showing of prejudice to the resulting corporation. Indeed, to so hold would defeat the "orderly procedure" which the statute sets forth. Cf. In re Northeastern Water Company, 28 Del.Ch. 139, 149, 38 A.2d 918, 922–923 (Ch.1944).

Plaintiff then argues that defendant should be estopped from asserting the statute as a bar to this action because of its own failure to comply with the ten day notification requirement. However, the cases cited by plaintiff are all distinguishable from the one at bar. Abraham and Company v. Olivetti Underwood Corporation, 42 Del.Ch. 95, 204 A.2d 740 (Ch.1964) involves the noncompliance with a court order rather than noncompliance with statutory directives. In Rank Organization Ltd. v. Pathe Laboratories, Inc., 33 Misc. 2d 748, 227 N.Y.S.2d 562 (Sup.Ct.1962) the Court was presented with evidence from which it could be inferred that the resulting corporation lacked good faith and

---

2. Plaintiff has maintained that the actual date of filing is December 4. However, because either date is later than the expiration of

the statutory filing period, I do not regard this conflict as significant.

breached its fiduciary duties vis-a-vis the objecting shareholder. Finally, in Ahlenius v. Bunn and Humphreys, Inc., 264 Ill. App. 177 (1931), rev'd, 350 Ill. 46, 182 N.E. 738 (1932) (reversed on procedural grounds) the resulting corporation never mailed notice to the dissenting shareholder. 264 Ill.App. at 193–194. This is not the situation in the case at Bar.

 It is important to note that the initial post-merger action by the shareholder must be taken "within 20 days after the date of mailing of the notice". 8 Del.C., § 262(b); Schenley Industries, Inc. v. Curtis, 38 Del.Ch. 370, 152 A.2d 300 (Sup.Ct. 1959). Thus, the shareholder action is not triggered by the date of the merger but by the date of the notice. The statute sets forth an orderly procedure concerning the perfection of an objecting shareholder's appraisal rights. Insofar as the time for filing the petition is concerned, such shareholder has fifty days plus four months following the mailing of notice. The shareholders have the burden of establishing their right to appraisal. In re Universal Pictures Co., 28 Del.Ch. 72, 37 A.2d 615 (Ch.1944). The orderliness and certainty of the appraisal proceeding is to be maintained even though the statute is construed liberally in favor of the shareholder. In re Northeastern Water, *supra*.

In the present case, Shenandoah was three days late in mailing the notice letter. This procedure, while a violation of the statute, worked no prejudice to Schneyer as he still had the full statutory time within which to file his petition. Indeed, defendant's lateness may have worked to plaintiff's benefit, since, had the ten day period been adhered to, the statute would have tolled some time prior to December 3. Furthermore, it has not escaped the notice of this Court that the plaintiff verified his petition on November 28, 1973, five days before the end of the filing period. Thus, had plaintiff acted promptly following verification, he could easily have complied with the statute.

In summary, therefore, the resulting or surviving corporation need not, as an element to its defense of the statutory filing period, produce evidence that it has suffered prejudice. Furthermore, mere delay on the part of the corporation in mailing the notice letter serves only to delay the running of the statutory filing period, which period shall end fifty days plus four months after the date of the notice letter.

Defendant's motion to dismiss is therefore granted. It is so ordered.