■ ROBERT NAPPA, Respondent, v SIMMONS CONSTRUCTION CO., INC., et al., Appellants. — Judgment unanimously reversed, on the law and facts, without costs, and new trial granted. Memorandum: Plaintiff is a builder engaged in constructing new homes. In 1975 he signed two separate purchase offers to buy building lots in the Simmons Hills subdivision in Camillus, New York. One of the contracts·was consummated without incident. The second, for 14 lots, was not. This action charging breach of contract and fraud followed. Plaintiff's purchase offer was accepted by defendant John R. Simmons. In fact, however, the property was owned by one of his corporations, either defendant Simmons Construction Company, or defendant Simmons Hills Corporation. The signature on the contract is illegible and there were thus presented as questions of fact whether Simmons signed the purchase offer individually or in a representative capacity, whether defendants breached the contract, whether plaintiff's alleged prior breach was waived and what damages plaintiff was entitled to, if any. Plaintiff received a verdict of $22,400 against all three defendants. The only indication of what the jury found on the separate causes of action was the foreman's statement that "There was a breach of contract." There must be a reversal. The court's instructions on the several substantive issues presented were inadequate. The jury was told little about the applicable law governing contracts, agency or an agent's liability on a contract (which was at the heart of the case) or the Statute of Frauds, and the court's instructions on damages were ambiguous and confusing. Plaintiff contends that defendants are precluded·from questioning the verdict now because counsel did not except to the charges. The short answer to that contention is that not only were they not offered an opportunity to except before the jury was excused to deliberate, but the points of error were so numerous that defendants perforce would have been obliged to except to the charge as a whole. Under the circumstances, we do not hesitate to reverse in the interest of justice and remand the matter for a new trial on the contract cause of action (see *Bolm v Triumph Corp.,* 58 AD2d 1014; *Anchor Motor Frgt. v Shapiro,* 56 AD2d 573, 574; *De Joseph v Gutekunst,* 13 AD2d 223, 226). We hold that the fraud claim alleged against defendant John R. Simmons should be dismissed for failure of proof. In the absence of objection by plaintiff to the verdict, we assume that such was the finding of the jury when it failed to report on that cause of action (see *Thibodeau v Gerosa Haulage & Warehouse Corp.,* 252 App Div 615, 616, affd 278 NY 551; *Saulsbury v Braun,* 223 App Div 555, 557, affd 249 NY 618). (Appeal from judgment of Onondaga Supreme Court — breach of contract.) Present — Cardamone, J.P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.

■ COGAR CORPORATION, Respondent, v GEORGE ABRAHAM et al., Appellants. — Order unanimously affirmed, with costs, for the reasons stated at Special Term. (Appeal from order of Herkimer Supreme Court — Business Corporation Law, § 623.) Present — Simons, J.P., Hancock, Jr., Schnepp and Doerr, JJ.