■ In the Matter of Alfred G. McGowan, Respondent, v Grand Island Transit Corporation, Appellant. — Order unanimously reversed, with costs, and petition dismissed. Memorandum: Petitioner McGowan, a holder of two shares in respondent Grand Island Transit Corporation, was notified that a shareholder's meeting would be held on December 10, 1979 to vote on a proposed plan of merger. Prior to the meeting petitioner notified respondent by letter that he objected to the merger and requested that the corporation purchase his shares. Petitioner appeared at the meeting, objected to the plan of merger and indicated he would exercise his right of dissent. The merger plan was approved and notice of approval was received by petitioner on December 12, 1979, and on January 10, 1980 his attorney notified the corporation that petitioner elected to dissent and sent his two stock certificates in order to have a notation placed on them that an election to dissent had been filed. On January 18, 1980, the corporation returned the stock certificates without notation and advised that the notice of dissent was untimely. On April 9 petitioner instituted this proceeding to determine his right to payment and to fix the fair value of his shares. Grand Island Transit asserted three defenses on the basis of which it requested dismissal of the petition: (1) that petitioner had no right to payment under section 806 (subd [b], par [6]) of the Business Corporation Law; (2) that petitioner did not file a timely notice of election to dissent under subdivision (c) of section 623 of the Business Corporation Law; and (3) that this proceeding is time barred under section 623 (subd [h], par [1]) of the Business Corporation Law. Special Term did not address the first two arguments and, ruling under (3) that "there is some basis for the exercise of the court's equity powers mentioned in subdivision (h)(2) of section 623 of the Business Corporation Law," granted the petition. Section 910 of the Business Corporation Law provides, subject to certain requirements, that a shareholder has the right to receive payment for the fair value of his shares when he does not assent to a plan of merger if such merger effects one of the changes set forth in section 806 (subd [b], par [6]) which provides as follows: "(6) A holder of any adversely affected shares who does not vote for or consent in writing to

the taking of such action shall, subject to and by complying with the provisions of section 623 *** have the right to dissent and to receive payment for such shares, if the certificate of amendment (A) alters or abolishes any preferential right of such shares having preferences; or (B) creates, alters or abolishes any provision or right in respect of the redemption of such shares or any sinking fund for the redemption or purchase of such shares; or (C) alters or abolishes any preemptive right of such holder to acquire shares or other securities; or (D) excludes or limits the right of such holder to vote on any matter, except as such right may be limited by the voting rights given to new shares then being authorized of any existing or new class." The plan of merger adopted herein effects no change in petitioner's rights as a shareholder in the surviving corporation, nor does he assert that it does. Inasmuch as he is not affected by the merger, he has no right to payment and has failed to state a cause of action. Additionally, petitioner failed to file a timely notice of election to dissent in accordance with the provisions of paragraph (c) of section 623 of the Business Corporation Law, which provides as follows: "(c) *Within twenty days* after the giving of notice to him, any shareholder to whom the corporation was required to give such notice and who elects to dissent *shall file* with the corporation *a written notice of such election,* stating his name and residence address, the number and classes of shares as to which he dissents and a demand for payment of the fair value of his shares." (Emphasis added.) Petitioner's notice of dissent was not mailed until January 10, 1980, eight days after his time to file had expired. We recently upheld a determination that certain shareholders were not entitled to receive payment as dissenting shareholders because of their failure to comply with the filing requirements of section 623. *(Cogar Corp. v Abraham,* 79 AD2d 1085.) "In order for a shareholder to avail himself of his right to appraisal, he must follow the procedure established by the Legislature, and the courts may not alter that procedure *(Matter of Marcus [Macy & Co.],* 297 N.Y. 38, 45), the time requirements of the statute being mandatory *(Matter of McKinney [Bush Term. Bldgs. Co.],* 306 N.Y. 207)" *(Matter of Endicott Johnson Corp. v Bade,* 42 AD2d 236, 238). Inasmuch as petitioner failed to meet the requirements of subdivision (c) of section 623, his petition would have to be dismissed even if he had established a right to payment. Finally, respondent contends that this proceeding was time barred because it was not instituted until April 9, 1981. The Business Corporation Law establishes a procedure for the purchase of shares of dissenting shareholders which places the initial responsibility on the corporation, which must offer to purchase the shares of the dissenting shareholder within seven days of the later of the following dates: (1) expiration of the period within which the shareholder may file notice of election to dissent; or (2) consummation of the proposed corporation action. (Business Corporation Law, § 623, subd [g].) If, as is the case herein, the corporation fails to make an offer within the seven-day period, it has 20 days to institute a special proceeding and, if it fails to do so, any dissenting shareholder may institute such proceeding not later than 30 days from such 20-day period. (Business Corporation Law, § 623, subd [h], pars [1], [2].) Imposing those time limitations in the instant case would require the commencement of the proceeding by February 28, 1980. Although the court might quite properly have exercised the discretion provided in section 623 (subd [h], par [2]) "for good cause shown" in order to extend the statutory period, that discretion is unavailing where petitioner has failed to qualify as a dissenting shareholder. (Appeal from order of Erie Supreme Court — Business Corporation Law, § 623.) Present — Dillon, P.J., Hancock, Jr., Doerr, Denman and Moule, JJ.