■ IRVING R. RABER CO., INC., Respondent, v 130 LAFAYETTE STREET CORP., Appellant. — Judgment, Supreme Court, New York County (Inglehart, J.), entered June 3, 1983, which, upon a jury verdict, awarded plaintiff $33,000 plus interest, costs and disbursements, unanimously reversed, on the law and on the facts and in the exercise of discretion, the judgment vacated and the matter remanded for a new trial, with costs to abide the event. ¶ In this action to recover a real estate brokerage commission the trial evidence presented a serious question as to whether, notwithstanding that a contract signing had been arranged and canceled, the corporate seller had ever agreed to the terms ultimately proposed by the purchaser, namely a $660,000 purchase price, of which one half was to be payable in cash by closing and the balance paid in two years at 12% interest secured by a purchase money mortgage. In an extremely sparse charge on the issue of whether the broker had produced a buyer ready, willing and able to purchase at the price and upon the terms specified by the seller, the court charged: "Where the Plaintiff is a licensed real estate broker, no written agreement for commissions is required. Let me go back and change the emphasis. Where, before the owner or its attorneys called the transaction off, the broker had produced a purchaser, ready, willing and able to buy at the price and upon the essential terms agreed upon by the owner, the broker is entitled to a commission. The fact that all of the legal and other details respecting the contract customarily worked out between attorneys had not yet been resolved could not defeat the broker's right to commissions." In the circumstances of this case it was error to charge in effect, over defendant's objection, that the absence of a contract signing "could not defeat the broker's right to commissions." This charge favored plaintiff and effectively eliminated the issue of whether the broker procured agreement of the parties " 'to all terms customarily encountered in such a transaction' " (*Kaelin v Warner,* 27 NY2d 352, 355), a matter as to which the jury heard considerable evidence. ¶ Subsidiary to the question of whether the purchaser was ready, willing and able to purchase on the seller's terms was the issue of who among the corporate seller's principals was authorized to act in its behalf, and whether Diamond, the accountant, was authorized to commit the corporation to a particular transaction. In its charge the court failed to furnish any guidelines whatever for the jury in considering whether the corporate seller ever retained plaintiff and, more importantly, whether it accepted the purchaser's terms through the acts of one of its principals, Zeisel or Diamond. Although defendant did not

except to the court's charge in this respect or specifically request clarifying instructions, the charge was so fundamentally deficient in an important aspect of the case that we reach the issue in the interest of justice. (See *Nappa v Simmons Constr. Co.,* 79 AD2d 1085; *Rodriguez v Cato,* 63 AD2d 922.) ¶ Finally, we note that it was error to allow a parade of witnesses to testify to the details of the subsequent sale of the property through another broker to a third party. Plaintiff was only entitled to demonstrate that this transaction rendered unnecessary any further efforts on his part. The evidence was completely extraneous to the transaction here and to the question of plaintiff's performance and entitlement to a commission and extremely prejudicial to defendant. Concur — Sullivan, J. P., Carro, Asch, Fein and Milonas, JJ.