■ 130 LAFAYETTE STREET CORP., Respondent, v IRVING R. RABER CO., INC., et al., Appellants.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 3, 1985, denying defendants' motion for summary judgment and granting judgment to plaintiff against both defendants in the sum of $48,308.32, plus interest, costs and disbursements, unanimously modified, on the law, only to the extent of denying judgment and severing for new trial against defendant Irving R. Raber, individually, and otherwise affirmed, with costs.

Defendant Irving R. Raber Co., Inc. (Raber Co.) commenced an action against 130 Lafayette Street Corp. (Lafayette) to recover brokerage commissions. After trial a judgment was granted in favor of Raber Co. against Lafayette in the sum of $39,190. During the pendency of the appeal to this court, Raber Co. attached and received $40,844 of the proceeds of a mortgage sale in satisfaction of the judgment.

This court unanimously reversed and vacated the judgment, set aside the verdict, and ordered a new trial (101 AD2d 794). Reargument and leave to appeal to the Court of Appeals were denied by this court.

Lafayette's cross motion that Raber Co. return all sums received in satisfaction of its judgment was likewise denied.

This action was instituted by Lafayette against Raber. Co. and its sole stockholder, Irving R. Raber (Irving), to recover the money collected in satisfaction of the previously obtained judgment, subsequently reversed by this court. Defendants moved for summary judgment, asserting that the action against Irving should be dismissed because he only acted as an employee in all transactions with Lafayette and there was no

proof Raber Co. had received the money obtained in satisfaction of the judgment.

In a decision and order entered on or about May 3, 1985, Justice Shainswit denied defendants' motion for summary judgment. On August 28, 1985, Justice Shainswit issued a supplemental decision noting that at the time of the original decision of May 3, the court had not been made aware that Lafayette had prevailed upon the second trial. Justice Shainswit accordingly directed that the parties settle an order providing for restitution of the money in dispute. Judgment in the sum of $48,308.32 was entered in favor of Lafayette against both defendants.

The judgment against Raber Co. was properly granted. No basis is shown for its asserted right to retain the moneys. However, with respect to Irving, there is clearly a question whether he received any of the proceeds as an individual. It is notable that he was not a plaintiff in the underlying action in which the subsequently reversed judgment against Lafayette was obtained. Plaintiff has failed to demonstrate that Irving actually received any of the moneys recovered in that action. Accordingly, there is a triable issue as to his liability, despite the fact that there is no lawful basis for Raber Co. to retain the moneys. Concur—Kupferman, J. P., Sandler, Fein, Rosenberger and Wallach, JJ.