■ In the Matter of WILLIAM CARROLL, Respondent, v SEACROFT, LTD., Appellant.—In a proceeding pursuant to Business Corporation Law § 623 to determine the fair value of the petitioner's shares in the appellant corporation, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated February 6, 1987, as denied the appellant's motion to dismiss the proceeding pursuant to CPLR 3211 (a) (7), and from so much of an order of the same court, entered August 27, 1987, as denied the appellant's motion for summary judgment, and, upon searching the record, granted judgment to the petitioner to the extent of holding that the petitioner had the right to a judicial determination of the fair value of his shares pursuant to Business Corporation Law § 623.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the appellant's motion to dismiss. On a motion to dismiss for failure to state a cause of action each fact alleged must be assumed to be true and the complaint liberally construed in the plaintiff's favor *(see, Barr v Wackman,* 36 NY2d 371, 375; *MacKay v Pierce,* 86 AD2d 655). In the instant case, as the Supreme Court noted, the principal facts are unrebutted.

The record reveals that the petitioner, Richard Cron, and Joseph E. Nolan were equal shareholders in a corporation which was formed to acquire and develop a 46.16-acre parcel of land located in Southold. Each shareholder contributed $61,696.86 toward the purchase of the property. Subsequently the petitioner objected to the amount of certain development fees the corporation was paying and refused to make any further contributions.

Mr. Cron and Mr. Nolan increased their contributions to

compensate for the shortfall created by the petitioner's refusal to pay, but eventually they could not afford to continue. After an unsuccessful attempt to refinance the mortgage on the property, Mr. Cron and Mr. Nolan decided to recapitalize the corporation.

A special shareholders' meeting was scheduled for July 29, 1985. The notice of the meeting which was sent to the petitioner contained three proposals. The first was to increase the aggregate number of shares from 200 to 1,000. This was done so there would be enough shares to reflect the contributions Mr. Cron and Mr. Nolan had made to the corporation to make up for the petitioner's deficit. The second was to restrict the sale of stock, and the third was to amend the bylaws to permit ratification by a two-thirds vote of the shareholders of the acts of the board of directors and to sell the corporation's sole asset to a new corporation for cash, distribute the resulting assets and dissolve the corporation within one year. The notice did not include a copy of Business Corporation Law § 623 or its material terms.

The meeting was scheduled for 11:00 A.M. The petitioner did not appear at the scheduled time. Mr. Cron and Mr. Nolan waited 15 minutes, but when the petitioner still had not appeared they voted on and passed the three resolutions. At 11:30 A.M., after the votes were taken, the petitioner appeared and served a notice of objection pursuant to Business Corporation Law § 623. The corporation subsequently effectuated the resolutions and sent the petitioner a check for $33,432.87, representing his share in the corporation.

Ordinarily, when a corporation seeks to increase the aggregate number of shares, each of the corporation's shareholders has a preemptive right to purchase enough of the new shares to preserve his or her percentage interest (see, Business Corporation Law § 622 [c], [d]). In the instant case the appellant abolished the petitioner's preemption rights so its capitalization would reflect the contributions made by Mr. Cron and Mr. Nolan. Such an abolition entitled the petitioner to seek an appraisal (see, Business Corporation Law § 806 [b] [6] [C]).

The appellant argues that because, contrary to the requirements of Business Corporation Law § 623 (a), the petitioner did not file his notice of objection until 15 minutes after the vote was taken, he waived his right to an appraisal. However, that statute also provides that such an objection is not required from a shareholder whom the corporation has failed to notify in accordance with the Business Corporation Law. The special shareholders' meeting was convened to vote on a

proposal that would effectively abolish the petitioner's preemption rights, so the appellant was obliged to send, along with the notice of the meeting, a copy of Business Corporation Law § 623 or a summary of its material terms *(see,* Business Corporation Law § 605). It failed to do so, and, therefore, the petitioner's right to demand an appraisal was preserved.

In any event, the Supreme Court is correct in characterizing as minor and insignificant the petitioner's tardiness in serving his notice of objection. There is good and sufficient cause to excuse the delay and the appellant was not unduly prejudiced thereby *(cf., Matter of Sasseen v Danco Indus.,* 20 AD2d 657; *Matter of Josephson Assocs. v Randeria,* 52 AD2d 523; *Matter of Davis v Adirondack Indus.,* 33 AD2d 1100). Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.