STEAGALL, Justice.
The plaintiffs, Carl Morris and Evelyn E. Morris, appeal from a summary judgment entered in favor of the defendant, Peoples Independent Bancshares, Inc., in an action seeking a judicial determination, pursuant to Ala.Code 1975, § 10-2A-163(e), of the fair market value of the Morrises’ stock in the Peoples Independent Bank of Boaz.
The Morrises were minority shareholders in the Peoples Independent Bank of Boaz. In June 1991, the board of directors of that bank adopted a “Plan of Exchange and Reorganization Agreement,” which provided that Peoples Independent Bank of Boaz would become a subsidiary of Peoples Independent Bancshares, Inc., and that the shareholders in Peoples Independent Bank of Boaz would become shareholders in Peoples Independent Bancshares. On December 16, 1991, the Morrises attended a special shareholders’ meeting and voted against the proposed plan. On December 23, 1991, the Morrises sent Peoples Independent Bank of Boaz a written demand for payment of the fair market value of their stock; however, the Morrises did not submit the certificates representing their shares to Peoples Independent Bank of Boaz for notation thereon (that a demand for payment had been made) within 20 days of their written demand for payment, as required by § 10-2A-163(h). On February 6, 1992, Peoples Independent Bank of Boaz sent a letter to the Morrises, notifying them that “pursuant to Ala.Code 1975, § 10-2A-163(h), we terminate your rights to demand payment for your shares as a dissenter.”
On March 11, 1992, the Morrises sued Peoples Independent Bancshares, pursuant to Ala.Code 1975, § 10-2A-163(e), asking the trial court to appoint an independent appraiser to receive evidence and recommend an amount as the fair value of their stock and asking the trial court to determine the fan-value of their stock. Peoples Independent Bancshares answered, alleging that the Mor-rises had failed to comply with § 10-2A-163(e) and that they were, therefore, barred from maintaining this action. The trial court entered a summary judgment in favor of Peoples Independent Bancshares. Following the denial of their motion to alter, amend, or vacate the judgment, the Morrises appeal.
Ala.Code 1975, § 10-2A-163(h), provides, in part:
“Within 20 days after demanding payment for his shares, each shareholder demanding payment shall submit the certificate or certificates representing his shares to the corporation for notation thereon that such demand has been made. His failure to do so shall, at the option of the corporation, terminate his rights under this section unless a court of competent jurisdiction, for good and sufficient cause shown, shall otherwise direct.”
The Morrises contend that the summary judgment was improper because, even though they did not comply with § 10-2A-163(h) by timely submitting their stock certificates for notation thereon that demand for payment for their shares had been made, they did sue for a judicial determination of the value of their shares. The Morrises urge this Court to follow the reasoning of the courts in Greco v. Tampa Wholesale Co., 417 So.2d 994 (Fla.Dist.Ct.App.1982), review denied, 431 So.2d 990 (Fla.1983), and Sasseen v. Banco Industries, Inc., 20 A.D.2d 657, 246 N.Y.S.2d 440 (1964).
In Greco, the court noted that the purpose of the notation requirement of the Florida Business Corporation Act (which is similar to § 10-2A-1 et seq., the Alabama Business Corporation Act) is to protect the corporation in a situation where the dissenting shareholder transfers his certificates to a third party, exposing the corporation to a third-party claim. The court then held that where there was no possibility that the shareholders in that case could have disposed of their shares to third parties, because the corporation was closely held and the certificates contained an endorsement restricting their transfer to third parties and requiring that the shares be first offered to the corporation for purchase, the 15-day delay in submitting the shares for notation did not prejudice the corporation. The court concluded that the shareholders showed good and sufficient cause why their rights as dissenting shareholders should not *1342 be terminated and that the underlying purpose of the notation requirement of the Florida Business Corporation Act was not thwarted by the untimely submission.
In Sasseen, the minority shareholders in a closely held corporation objected to the sale of the corporation’s principal assets and made a demand for payment of the value of their shares of stock; however, they failed to make a timely submission of their stock certificates for notation thereon that such a demand had been made; the minority shareholders then sought a judicial determination of the value of their stock. The last day to submit the certificates in compliance with the notice requirement of the applicable stock corporation law was February 25, 1963; the minority shareholders sued on March 21, 1963. The court noted that there had been communication between the shareholders and the corporation from the time the sale was approved until the time the minority shareholders sued and that throughout this period the corporation had no reason to believe the minority shareholders would relinquish their right to have an appraisal and to demand payment. The court held that the corporation had not been prejudiced and that to deny relief to the minority shareholders would result in substantial prejudice to the shareholders; the court concluded that there was good and sufficient cause to relieve the shareholders from the consequences of their omission.
In this case, the Morrises sued almost two and one-half months after making a demand for payment of their shares, and the Morris-es submitted their stock certificates for notation on November 4, 1992, almost 11 months after making their demand for payment. Moreover, in this case, unlike Greco and Sas-seen, there is no evidence that Peoples Independent Bank of Boaz is a.closely held corporation, and the Morrises have not shown good and sufficient reason that their rights under § 10-2A-1 et seq. should not be terminated or that they should be relieved of the consequences of their omission. The trial court specifically held that the Morrises had failed to show a good and sufficient cause for directing “otherwise” as provided in § 10-2A-163(h), and, after reviewing the record before us, we conclude that the trial court correctly so held.
AFFIRMED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.