In the Matter of RICHARD S. SIKORSKI, Respondent. ELECTRIC BATTERY CORP., Appellant. [815 NYS2d 753]—

In a proceeding pursuant to Business Corporation Law § 623 to determine the fair value of the petitioner's shares in the appellant corporation, the appeal is from an order of the Supreme Court, Queens County (Grays, J.), dated May 11, 2005, which denied the corporation's motion to dismiss the proceeding, and granted the petition to the extent of, inter alia, extending the petitioner's time to commence the present proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the cross motion is granted, and the proceeding is dismissed.

Although the appellant corporation's failure to include a copy of Business Corporation Law § 623 or its material terms with its notice of shareholders meeting excused the petitioner from the requirement of serving a notice of objection pursuant to Business Corporation Law § 623 (a) (*see Matter of Carroll v Seacroft, Ltd.*, 141 AD2d 726, 727-728 [1988]), and thereby

extended the petitioner's time to file an objection in accordance with Business Corporation Law § 623 (c), the petitioner nevertheless failed to file a notice of election to dissent pursuant to Business Corporation Law § 623 (c) (*see Matter of McGowan v Grand Is. Tr. Corp.*, 80 AD2d 731, 732 [1981]). Neither of the petitioner's letters, dated September 19, 2003 and September 25, 2003, respectively, demonstrate an unequivocal intention to dissent to the sale or a demand for the valuation of the petitioner's shares. Therefore, the petitioner failed to demonstrate that he assumed the status of dissenting shareholder contemplated by Business Corporation Law § 623 (c). The petitioner failed to timely preserve his right to an appraisal of his shares of the appellant corporation. The Supreme Court erred in granting the petitioner additional time to commence the valuation proceeding, because absent proof of his status as a dissenting shareholder in compliance with Business Corporation Law § 623 (c), he had no right to bring such a proceeding.

In view of the foregoing, we do not reach the parties' remaining contentions. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.